**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

WILLIAM GARY PARRIS,                    )
                                        )
          Petitioner,                  )
                                        )
v.                                      )          Case No. CIV-18-722-HE
                                        )
JASON BRYANT,                           )
                                        )
          Respondent.                  )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 challenging numerous state-court convictions in the District Court of Tulsa County, State of Oklahoma.  [Doc. No. 1].  Chief United States District Judge Joe Heaton has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  In accordance with Rule 4, Rules Governing Section 2254 Cases in the United States District Courts,[1] the Court has promptly examined the habeas petition and recommends that the action be transferred to the United States District Court for the Northern District of Oklahoma.

## I.   Background

In Tulsa County District Court, Petitioner pleaded guilty in Case Nos. CF-1993-5539, CF-1996-4634, CF-2001-443, and CF-2009-3397.  *See* Pet. at 2.  Petitioner argues that because he and his victims are Native American, the State of Oklahoma lacked jurisdiction over the criminal actions.  *See id.* at 5-6.

---

[1] District courts must promptly review habeas petitions and, when appropriate, "take [what] action the judge may order."  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

## II.   <u>Analysis</u>

Tulsa County lies within the territorial jurisdiction of the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a).  Petitioner is presently incarcerated at the James Crabtree Correctional Center, in Helena, Oklahoma, *see* Pet. at 1, 11, which is within the territorial jurisdiction of the Western District of Oklahoma.  *See* 28 U.S.C. § 116(c).

From the face of the Petition, it is clear that both this Court and the United States District Court for the Northern District of Oklahoma have jurisdiction over this matter.  *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus).  Pursuant to the statute, however, this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination."  *Id.*

As stated above, Petitioner seeks relief from his Tulsa County District Court convictions. It follows that relevant records and officials involved generally will be located in the district in which Petitioner was tried and convicted.  Further, trial counsel and witnesses would be more easily available in the Northern District should a hearing be required in this case.  These factors have been considered in support of transferring matters to the district court in which the state-court conviction originated.  *See, e.g., Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (unpublished district court order) (transferring § 2254 action and noting that "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction.").

Under these circumstances, the Court recommends transfer of the action to the Northern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice."  *See* 28 U.S.C. § 2241(d).

## RECOMMENDATION

It is recommended that this action, with all pleadings filed in this Court, be transferred to the United States District Court for the Northern District of Oklahoma.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of the District Court by August 17, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to electronically transmit a copy of this Report and Recommendation to the Attorney General of the State of Oklahoma at fhc.docket@oag.state.ok.us.

## STATUS OF REFERRAL

This Report and Recommendation terminates the Chief District Judge's referral in this matter.

ENTERED this 27th day of July, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE