# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM GARY PARRIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 18-CV-0443-TCK-FHM |
| RICK WHITTEN,[1] | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner William Gary Parris commenced this 28 U.S.C. § 2254 habeas corpus action to challenge the constitutional validity of the judgments and sentences entered against him in four District Court of Tulsa County cases. Before the Court is Respondent's motion to dismiss the habeas petition (Dkt. 12). Respondent filed a brief in support of the motion to dismiss (Dkt. 13), and Petitioner filed a response (Dkt. 14). For the reasons that follow, the Court grants Respondent's motion and dismisses the petition, in part, for lack of jurisdiction and, in part, as time-barred.

## I.

Petitioner contests the validity of the judgments and sentences entered against him the District Court of Tulsa County, Case Nos. CF-1993-5539, CF-1996-4634, CF-2001-

---

[1] Petitioner is currently incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma. The JCCC's current warden, Rick Whitten, is therefore substituted in place of Jason Bryant as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

443 and CF-2009-3997. Dkt. 1, at 2. In Case No. CF-1993-5539, Petitioner was convicted, upon a guilty plea, of one count of larceny of an automobile and, on February 17, 1994, the trial court sentenced him to serve five years in prison. Dkt. 1, at 2; Dkt. 13, at 1. Petitioner was discharged from this sentence on May 22, 1995. Dkt. 13-2.

In Case No. CF-1996-4634, Petitioner was convicted, upon a guilty plea, of one count of larceny of an automobile, one count of possessing drug paraphernalia, and one count of driving under the influence resulting in great bodily injury. Dkt. 1, at 2; Dkt. 13, at 2. On January 24, 1997, the trial court ordered Petitioner to serve prison terms of 15 years, 15 years, and 5 years. Dkt. 13, at 2. Petitioner was released on parole on November 22, 2000, with a parole completion date of September 22, 2006. Dkt. 13-3.

In Case No. CF-2001-443, Petitioner pleaded guilty to one count of larceny of an automobile and one count of eluding a police officer and was sentenced, on February 26, 2001, to prison terms of 15 years and 10 years. Dkt. 1, at 2; Dkt. 13-1. Petitioner was "Discharged to Sentence completed" on November 9, 2007. Dkt. 13-4.

Finally, in Case No. CF-2009-3397, Petitioner pleaded guilty to one count of second-degree murder, four counts of burglary of an automobile, one count of assault with a dangerous weapon, and one count of unlawfully possessing a controlled drug (methamphetamine). Dkt. 1, at 2; Dkt. 13, at 4. On June 21, 2010, the trial court imposed a 30-year prison term and four 8-year prison terms, all to be served consecutively, and two 6-year prison terms, to be served concurrently with the consecutive sentences and with each other. Dkt. 1, at 2. Petitioner remains incarcerated under these sentences. Dkt. 13, at 4.

On September 21, 2017, Petitioner filed an application for post-conviction relief in state district court. Dkt. 13-1, at 1; Dkt. 13-5, at 45. Petitioner alleged the State violated his due process rights, under the state and federal constitutions, because in each of his Tulsa County District Court cases "[t]he trial court lacked subject matter jurisdiction because Petitioner is an Indian and the crime occurred in Indian County [sic]." Dkt. 13-1, at 2. In support of this claim, Petitioner cited "*Murphy v. Royal*, 2017 WL 3389877 (10th Cir.)." *Id.* The state district court denied Petitioner's application on October 13, 2017. Dkt. 13-6, at 5. The court reasoned that "the *Murphy* decision [was] not yet good law" because the mandate had not issued and, in any event, Petitioner failed to establish that the crime at issue occurred in Indian Country. Dkt. 13-6, at 6-7.[2]

The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief on June 26, 2018. Dkt. 1, at 3-4; Dkt. 13-7, at 1. Like the state district court, the OCCA reasoned Petitioner's reliance on *Murphy* was "premature" given that the United States Supreme Court granted certiorari in May 2018, meaning that the Tenth

---

[2] The state district court order provided to the Court refers only to Tulsa County Case No. CF-1993-5539. Dkt. 13-6, at 5. However, Petitioner's application for post-conviction relief, indicates it was filed in all four Tulsa County cases. Dkt. 13-1, at 1. The Court takes judicial notice of state court records reflecting that similar orders denying post-conviction relief were entered in the other three Tulsa County cases. *See State v. Parris*, No. CF-1996-4634 (order dated Oct. 13, 2017); *State v. Parris*, No. CF-2001-443 (same); and *State v. Parris*, No. CF-2009-3997 (same), *available at* http://www.oscn.net/dockets, last visited July 3, 2019.

Circuit Court of Appeals' *Murphy* decision was "not a final decision." Dkt. 13-7, at 1-2.[3]

Petitioner, appearing pro se,[4] filed the instant federal habeas petition on July 26, 2018. Dkt. 1, at 1. As he did in state court, Petitioner claims the trial court lacked subject-matter jurisdiction, in all four of his above-referenced state criminal cases, because "Petitioner and the victim[s] are Indians within the meaning of federal law and the crime[s] occurred in Indian County [sic] as defined by 18 USC § 1151." *Id.* at 5.[5] In support, Petitioner cites to Article IV of the Treaty of Dancing Rabbit Creek as well as 18 U.S.C. § 1151, but does not mention *Murphy*. *Id.* at 5-6.

## II.

Respondent moves to dismiss the habeas petition for three reasons. First, he contends Petitioner is no longer "in custody" within the meaning of 28 U.S.C. § 2254(a) as to three of his state-court judgments. Dkt. 13, at 1-3. Second, he contends the petition is time-barred under 28 U.S.C. § 2244(d)(1) as to the only state-court judgment for which he remains in custody. *Id.* at 4-8. Third, he contends Petitioner failed to exhaust available state remedies as required by 28 U.S.C. § 2254(b)(1)(A). *Id.* at 8-13. For the reasons that

---

[3] The *Murphy* decision remains a non-final decision. The Supreme Court heard oral argument in *Carpenter v. Murphy*, No. 17-1107, on November 17, 2018. The Supreme Court subsequently requested supplemental briefing and, on June 27, 2019, the Supreme Court restored the case to its calendar for reargument.

[4] Because Petitioner appears pro se, the Court liberally construes his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

[5] In support of this claim, Petitioner alleges he is a member of either the Chickasaw Nation or the Choctaw Nation. Dkt. 1, at 5-6; Dkt. 14, at 9. In addition, the record reflects that Petitioner presented evidence in state court that he is a member of the Cherokee Nation. Dkt. 13-1, at 5.

follow, the Court agrees with Respondent's first and second contentions and thus finds it unnecessary to address the third.

**A.     Custody**

A state prisoner seeking federal habeas relief must show that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). This in-custody requirement is jurisdictional. *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1074 (10th Cir. 2014). And the petitioner must satisfy the requirement "at the time the habeas petition is filed." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Thus, "[f]ederal courts have no jurisdiction to consider § 2254 petitions unless the petitioner is in custody pursuant to [the] challenged conviction when the petition is filed." *Garey v. Ulibarri*, 332 F. App'x 445, 446 (10th Cir. 2009) (unpublished)[6] (citing *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008)).

Respondent contends Petitioner is no longer "in custody pursuant to the judgment of a State court" as to the judgments entered against him in Tulsa County Case Nos. CF-1993-5539, CF-1996-4634 and CF-2001-443 because Petitioner has discharged his sentences in each case. Dkt. 13, at 1-3; *see Maleng v. Cook*, 490 U.S. 488, 492 (1989) (explaining that when a state prisoner has fully discharged the sentence imposed for his conviction, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it").

Petitioner concedes he discharged his sentences and that he is no longer in custody

---

[6] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

as to these three cases. Dkt. 14, at 11. Nonetheless, he argues that "each of [these judgments] contribute to the sentencing on CF-2009-3397" and "the basis on which CF-2009-3397 is invalidated would also apply to each of the other cases." *Id.* It's true that "in very limited circumstances, the 'in custody' requirement may be satisfied where a petitioner challenges a 'conviction [that] was used to enhance the sentence he is now serving.'" *Neiberger v. Rudek*, 450 F. App'x 719, 724 (10th Cir. 2011) (unpublished) (alteration in original) (quoting *Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011)). However, to satisfy the in-custody requirement in this manner, the petitioner must "challenge[] a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." *Id.* (quoting *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 396 (2001)). Even liberally construing the petition, the Court does not read it as anything other than a direct attack on each of his underlying state-court judgments. Dkt. 1, at 5-6. Specifically, Petitioner claims the trial court in each criminal case lacked subject-matter jurisdiction, rendering his convictions in all four cases invalid. *Id.* Like the petitioner in *Neiberger*, Petitioner "has not framed his habeas petition as an attack on his *current* sentence, on the ground that it was enhanced by his [1994, 1997 and 2001] convictions." 450 F. App'x at 725. Nor does the Court find it reasonable to construe Petitioner's bare assertion in his response brief—that his prior state-court judgments "contribute to the sentencing" in his 2009 case—as

sufficient to reframe his petition into one asserting such an attack. Dkt. 14, at 11.[7]

Based on the foregoing, the Court finds that Petitioner fails to satisfy the "in-custody" requirement as to the judgments entered against him in the District Court of Tulsa County, Case Nos. CF-1993-5539, CF-1996-4634 and CF-2001-443. The Court therefore dismisses the petition without prejudice, in part, for lack of jurisdiction as to any habeas claims challenging the constitutional validity of these three state-court judgments. Respondent concedes, and the Court finds, that Petitioner is in custody under the judgment entered against him in Case No. CF-2009-3397. Dkt. 13, at 4. Nonetheless, as discussed next, the Court agrees with Respondent that Petitioner's challenge to that judgment is time-barred.

**B.     Timeliness**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of the following four dates to file a federal habeas petition:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially

---

[7] Petitioner's entire argument on this point states:

> While it is true that Tulsa County cases CF-1993-5539, CF-1996-4634, and CF-2001-443 are now discharged and Petitioner is not in custody on them, each of them contribute to the sentencing on CF-2009-3397. Additionally, the basis on which CF-2009-3397 is invalidated would also apply to each of the other cases.

Dkt. 14, at 11.

7

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which date applies, the one-year limitation period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Because the AEDPA's statute of limitations is not jurisdictional, the one-year limitation period may also be tolled for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or excused upon "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

1. **The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

Under § 2244(d)(1)(A), a state-court judgment becomes final either (1) at the conclusion of direct review or (2) when the time for seeking direct review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In Case No. CF-2009-3397, Petitioner was convicted upon a guilty plea and sentenced on June 21, 2010. Dkt. 13-5, at 2-4, 21-22. Petitioner did not move to withdraw his plea within 10 days of sentencing or pursue an appeal. Dkt. 1, at 3; Dkt. 13-5, at 21-24. Thus, his convictions became final on July 1, 2010, when the time to seek direct review expired. *Id.*; *see Clayton v. Jones*, 700 F.3d 435, 441 (discussing Oklahoma law relating to appeals following guilty pleas); Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (requiring criminal defendant to file application to withdraw plea as prerequisite to commencing certiorari appeal). Under § 2244(d)(1)(A), Petitioner's one-year period for filing a federal

habeas petition commenced the next day, July 2, 2010, and, absent any tolling events, expired on July 5, 2011.[8] *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); Fed. R. Civ. P. 6(a)(1)(A). Petitioner did not file any applications for post-conviction relief or other collateral review until September 21, 2017, more than six years after his one-year limitation period expired. Dkt. 13-5, at 45. Thus, he cannot benefit from statutory tolling. 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Absent equitable reasons to toll or excuse the untimely filing, the petition is time-barred.

2.  **Petitioner cannot overcome the time-bar.**

In response to the motion to dismiss his petition as time-barred, Petitioner contends his petition "is subject to equitable principles." Dkt. 14, at 5. More specifically, he (1) seeks a later commencement date under § 2244(d)(1)(B), (C), or (D); (2) contends his circumstances warrant equitable tolling of the one-year limitation period; (3) seeks application of the fundamental-miscarriage-of-justice exception, and (4) contends dismissal of an untimely petition amounts to suspension of the writ. Dkt. 14, at 5-10.

In support of his requests for equitable tolling or a later commencement date, Petitioner asserts that the State of Oklahoma has "engaged in a concerted effort *since statehood* to subvert both the US Constitution Supremacy Clause, Oklahoma

---

[8] Petitioner's one-year period would have expired on July 2, 2011. However, because July 2, 2011 was a Saturday and the following Monday, July 4, 2011, was a legal holiday, Petitioner had until July 5, 2011, to file a federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

Constitution's Article I, and federal law to illegally prosecute Indians whose alleged crimes occurred in Indian country." Dkt. 14, at 9. He further asserts "[i]t was only when the decision in the Tenth Circuit's *Murphy* case [was issued] on November 9, 2017 that Petitioner became aware that he had a lack of jurisdiction claim." *Id.* Finally, he asserts that he diligently pursued his federal rights by seeking post-conviction relief in state court "[o]nce the Tenth Circuit announced its decision in the *Murphy* case." *Id.*

### a. Petitioner is not entitled to a later commencement date

For several reasons, the Court finds Petitioner's arguments do not support application of a later commencement date. First, under § 2244(d)(1)(B), Petitioner must show that (1) the State's unconstitutional action (2) prevented him from filing a federal habeas petition. As the Court understands Petitioner's argument, § 2244(d)(1)(B) applies here because (1) the State violated the constitution by prosecuting him without jurisdiction, and (2) he did not realize that violation occurred until he read the *Murphy* decision. However, even assuming a constitutional violation occurred, that violation did not, in and of itself, create an impediment that prevented Petitioner from filing a federal habeas petition. Instead, as Petitioner admits, he was simply not "aware" of any potential jurisdictional challenge to his convictions until he read the *Murphy* decision. Because Petitioner's lack of awareness is not a state-created impediment, § 2244(d)(1)(B) does not apply. *See Garcia v. Hatch*, 343 F. App'x 316, 319 (10th Cir. 2009) (unpublished) (noting that § 2244(d)(1)(B) "applies only when a state-created 'impediment' 'prevented' an inmate from filing his application" and rendered the inmate "incapable of filing a timely habeas petition").

10

Second, as Respondent argues, to the extent Petitioner relies on *Murphy* to seek application of § 2244(d)(1)(C), that provision does not apply "because *Murphy* is not a Supreme Court decision." Dkt. 13, at 6; *see Pettit v. Bryant*, No. 18-CV-387-CVE-JFJ, 2018 WL 4224448, at *4 (N.D. Okla. 2018) (unpublished) (rejecting petitioner's claim that *Murphy* supported application of § 2244(d)(1)(C)).

Third, as Respondent argues, to the extent Petitioner relies on *Murphy* to seek application of § 2244(d)(1)(D), that provision also does not apply. Petitioner claims he is Native American and that he committed the crimes underlying his 2010 conviction in Indian Country. Dkt. 1, at 5. As Respondent contends, Petitioner knew the factual predicate for his jurisdictional claim—namely, his status as a Native American and the location where he committed his crimes—when he entered his guilty plea even if he did not understand the legal significance of those facts until he learned of the *Murphy* decision. Dkt. 13, at 7. This situation does not support application of § 2244(d)(1)(D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (declining to apply § 2244(d)(1)(D) when state prisoner filed his petition within a year of two state-court decisions he believed supported his claim; reasoning that petitioner was aware of the factual basis of his claim "years before he filed his" petition and nothing in either state-court decision "alerted [him] to any *factual* basis for his claim"); *Dopp v. Martin*, No. 18-CV-152-CVE-FHM, 2018 WL 2750228, at *2 (N.D. Okla. 2018) (unpublished) (noting that petitioner could not rely on *Murphy* to support application of § 2244(d)(1)(D) when record demonstrated petitioner knew relevant facts underlying his claim at time of his trial but did not grasp legal significance of those facts until *Murphy* decision was issued).

In light of the above, the applicable commencement date for Petitioner's one-year limitation period is the one provided by § 2244(d)(1)(A).

### b. Petitioner is not entitled to equitable tolling.

To obtain equitable tolling of the one-year limitation period, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner appears to seek equitable tolling for the same reasons he seeks application of § 2244(d)(1)(B): because (1) the State violated the constitution by prosecuting him without jurisdiction, and (2) he did not realize that violation occurred until he read the *Murphy* decision. Dkt. 14, at 8-9. In addition, he cites his diligence in seeking post-conviction relief shortly after the Tenth Circuit Court of Appeals issued the *Murphy* decision. *Id.* at 9. For the same reasons that § 2244(d)(1)(B) does not apply, these circumstances do not support equitable tolling of Petitioner's one-year limitation period.

Regardless of his diligence, Petitioner alleges no facts demonstrating that the State's allegedly unconstitutional conduct in prosecuting him without jurisdiction prevented him from filing a timely federal habeas petition before his AEDPA deadline expired on July 5, 2011. Rather, as previously discussed, Petitioner's own averments show that his failure to file a timely federal habeas petition stems from the fact that he was not "aware that he had

a lack of jurisdiction claim" until he read the *Murphy* decision. Dkt. 14, at 9. Ordinarily, a habeas petitioner's failure to understand that he might have a viable legal claim does not constitute an extraordinary circumstance and does not excuse the failure to file a timely federal habeas petition. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting well-established rule that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). Thus, the Court finds no basis to support Petitioner's request for equitable tolling.

    c.    **Miscarriage of justice**

Next, Petitioner "encourages this Court to look at his claim as a fundamental miscarriage of justice." Dkt. 14, at 10. As Petitioner acknowledges, the United States Supreme Court has not held that failure to consider an untimely habeas claim alleging that the trial court lacked subject-matter jurisdiction would necessarily result in a fundamental miscarriage of justice. *Id.* Moreover, the Tenth Circuit Court of Appeals and the federal district courts in Oklahoma have rejected this argument. *See Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished) (rejecting habeas petitioner's argument that "subject matter jurisdiction can never be waived and therefore he can never be barred from raising the issue" as "without support in the law" and concluding that "[a]s with any other habeas claim, [a claim that the trial court lacked jurisdiction] is subject to dismissal for untimeliness"); *McIntosh v. Hunter*, No. CIV-16-460-RAW-KEW, 2017 WL 3598514, at *3 (E.D. Okla. 2017) (unpublished) (rejecting habeas petitioner's argument that jurisdictional claim is not subject to AEDPA's time-bar); *Lockett v. Rudek*, No. CIV-11-

13

184-R, 2011 WL 2634216, at *2 (W.D. Okla. 2011) ("There is no exception in 28 U.S.C. § 2244(d)(1)(A) for a habeas claim based on a trial court's alleged lack of subject matter jurisdiction, nor does [p]etitioner cite any federal case law which recognizes such exception."); *Walker v. Calbone*, No. 06-CV-294-TCK-SAJ, 2007 WL 845926, at *3 (N.D. Okla. 2007) ("Neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law."). While none of these cases binds this Court, the Court finds them persuasive.

As the law stands, the miscarriage-of-justice exception applies to excuse the untimeliness of a habeas petition only when the petitioner presents a credible claim of actual innocence. *Perkins*, 569 U.S. at 386. This exception does not apply, however, simply because a petitioner alleges a newly-discovered legal claim. *See id.* at 400 ("[T]he rationale underlying the miscarriage of justice exception [is based on] ensuring 'that federal constitutional errors do not result in the incarceration of innocent persons.'" (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993))); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (noting a criminal defendant invoking miscarriage of justice exception "must make a colorable showing of factual innocence," not an argument suggesting legal innocence). Petitioner does not allege that he is factually innocent of the crimes underlying his 2010 convictions. Instead, he argues his convictions were unlawfully obtained. For that reason, Petitioner cannot overcome the time bar through application of the miscarriage-of-justice exception.

    d.  **Dismissal would not constitute suspension of the writ.**

Finally, Petitioner asserts that dismissal of his habeas petition would be

"Tantamount to Suspension of the Writ." Dkt. 14, at 10. The Court disagrees. *See Ong Vue v. Allbaugh*, 682 F. App'x 636, 638 (10th Cir. 2017) (unpublished) (rejecting petitioner's argument that dismissing a habeas petition as time-barred by the AEDPA's statute of limitations constitutes a "suspension of the writ of habeas corpus"); *Long v. Miller*, 541 F. App'x 800, 802 (10th Cir. 2013) (unpublished) ("[T]he claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court.").

## III.

Based on the foregoing, the Court concludes that Petitioner is not in custody as to the state-court judgments entered against him in the District Court of Tulsa County, Case Nos. CF-1993-5539, CF-1996-4634 and CF-2001-443. As a result, and to the extent Petitioner directly challenges those state-court judgments as constitutionally invalid, the Court dismisses the petition for writ of habeas corpus without prejudice, in part, for lack of jurisdiction. The Court further concludes that while Petitioner remains in custody as to the state-court judgment entered against him in the District Court of Tulsa County, Case No. CF-2009-3397, the habeas petition is time-barred as to the jurisdictional claim he presents to challenge that judgment and Petitioner has not made the requisite showings to overcome the time bar. The Court therefore dismisses the petition for writ of habeas corpus with prejudice, in part, as time-barred. In addition, because the Court concludes that reasonable jurists would not debate either aspect of this Court's procedural dismissal, the Court denies a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c); Rule 11, *Rules Governing Section 2254 Cases in the United*

15

*States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note the substitution of Rick Whitten in place of Jason Bryant as party respondent.

2. Respondent's motion to dismiss (Dkt. 12) is **granted**.

3. The petition for writ of habeas corpus (Dkt. 1) is **dismissed without prejudice**, in part, for lack of jurisdiction, and **dismissed with prejudice**, in part, as time-barred.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 8th day of July 2019.

TERENCE C. KERN
United States District Judge